UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Eveleth Mines, LLC, a Minnesota Limited Liability Company,

Plaintiff,

vs.

SCHEDULING ORDER

AIA Construction Equipment Corporation, a Michigan corporation, d/b/a Contractors Finance Corporation,

Defendant.

Civ. No. 01-975 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of February, 2002.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the conduct of a Rule 16 Pretrial Conference. See, Rule 16(b), Federal Rules of Civil Procedure. At the time of the Conference, the Plaintiff appeared by Harold A. Frederick, Esq., and the Defendant appeared by Joseph J. Roby, Jr., and John J. Burch, Esqs. Since the circumstances of this action, and the Pretrial Schedule it now

FILED FEB 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

engenders, is somewhat out of the ordinary, we preface the Schedule we impose with a brief, explanatory foreword.

## II. Discussion

A. Factual Background. The critical issue, which separates the parties, arises from the Plaintiff's lease of two hydraulic shovels from the Defendant. The Master Lease provided the Plaintiff with an option to purchase the shovels at the close of the lease, and the Plaintiff exercised that option. At issue is the price the Plaintiff must pay for the shovels upon exercising its option to purchase. As framed in their initial Joint Proposed Pretrial Schedule, the parties identified the core issue, for the Court, as follows:

> The parties believe that the main issue in the case -- the interpretation of the contractual standard for appraising the equipment [the shovels] raised in Plaintiff's declaratory judgment claim and Count III of Defendants' counterclaim -- is one of law only and does not involve disputes of fact.

As an attachment to the Master Lease, the parties agreed to an "Appraisal Procedure" in the event that the purchase option was exercised. See, Master Lease, ¶18, at p. 6 of 7. The Appraisal Procedure allows each party to select an Appraiser who "shall mutually agree upon the amount in question." The Appraisal Agreement then provides as follows:

> Lessor or Lessee, as the case may be, shall deliver a written notice to the other party appointing its appraiser within 15 business days after it is determined that such appraisal procedure is to be employed. If within 15 days after appointment of the two appraisers as described above, the two appraisers are unable to agree upon the amount in question, a third independent appraiser, who shall not be the manufacturer(s) of the Equipment, shall be chosen within five business days thereafter by the mutual consent of such first two appraisers or, if such first two appriasers fail to agree upon the appointment of a third appraiser, such appointment shall be made by an authorized representative of the American Arbitration Association or any organization successor thereto. The decision of each appraiser so appointed and chosen shall be given within ten business days after the selection of such third appraiser. The third appraiser shall select the amount from the two submitted appraisals the appraisal of which most closely approximates the Fair Market Value of such items of Equipment which appraisal shall be binding and conclusive on Lessor and Lessee. Lessor and Lessee shall pay the fees and expenses of the respective appraisers appointed by them and shall share equally the fees and expenses of the third appraiser, if any.

The parties advise that they have effectuated this Appraisal Procedure by obtaining appraisals from their respective appraisers, and that the appraisers have not been able to mutually agree upon the amount in question, nor upon a third independent appraiser. Accordingly, the parties advise that, consistent with the Appraisal Procedure, the American Arbitration Association ("AAA") has been

contacted, and that, they believe, the third independent appraiser has been named by the AAA, but that appointment has not been confirmed by the AAA.

B. Procedural History. This action was commenced on June 1, 2001. By Order dated July 23, 2001, we acceded to the parties' joint request, that the issuance of a Scheduling Order be deferred until the District Court, the Honorable James M. Rosenbaum, Chief Judge, presiding, should dispose of the parties' cross-Motions for full or partial Summary Judgment. The intent of the deferral was to allow a full resolution of the case, or a substantial narrowing of the issues to be explored through discovery, by obtaining the guidance of the District Court on matters of pure law. At the close of the Hearing on the Motions for Summary Judgment, the District Court declined to issue a Declaratory Judgment, which would construe certain of the terms of a Master Lease between the parties, particularly as it related to a valuation standard for the shovels at issue. The District Court regarded any such declaration as being premature, and the Court expressed doubt as to whether the action then presented a justiciable "case or controversy" within the contemplation of Article III of the United States Constitution. Following the District Court's ruling on Summary Judgment, the parties have engaged in certain transactions, without prejudice to

their rights under the Master Lease, in an apparent effort to "ripen" the controversy between them.

In preparation for this Pretrial Conference, the parties prepared a "Joint Pretrial Schedule" which keys all of the pretrial deadlines to the "Court's order resolving the valuation standard question." The parties advise that the District Court should now issue a declaration as to the applicable valuation standard, and that further processing of this action would be wasteful in the absence of such a declaration. We form no judgment as to that subject, for an argument can certainly be made that, contractually, the parties created a mechanism of Alternative Dispute Resolution ("ADR") to decide the valuation issues presented by the Plaintiff's exercise of its option to purchase the shovels, and they implemented the ADR by selecting appraisers, who issued appraisals of the shovels. While those appraisals are not mutually acceptable and, we are informed, are a goodly distant apart in the valuations reached, the Appraisal Procedure contemplated such an impasse by employing a "third independent appraiser" who could adopt one or the other appraisals -- in effect, a "baseball" type of arbitration.

The fact that both parties appear to be dissatisfied with the ADR mechanism they contractually agreed upon -- as suggested by their joint effort to obtain a declaration of the applicable valu-

ation standard -- says nothing about the Court's jurisdiction, let alone its inclination, to issue such a Declaratory Judgment.[1] See,

---

[1]Notably, the Appraisal Procedure does not expressly require that the "third independent appraiser" be learned in the law, or be otherwise specifically qualified in appraising the value of hydraulic shovels, other than is impliedly required by the procedures and practices of the AAA, or the parties' mutual agreement, if the two appraisers could have agreed upon a neutral. Indeed, the parties may have allowed for the absence of such expertise, in the third appraiser, by limiting his or her discretion to one of merely selecting the appraisal of one, or the other of the appraisers, who were appointed by the parties.

The parties suggest that the appraisals, by the appraisers who were appointed by the respective parties, are widely divergent, apparently because of an equally divergent contractual interpretation of the party making the appointment. We are unable to distinguish how this ADR mechanism varies from the usual "baseball" approach to arbitration. By way of definition:

> Under baseball's salary arbitration scheme, a neutral arbitrator selects either the final demand of the eligible player **or** the final offer of the employing [baseball team]. **The arbitrator may not mediate or compromise.** * * * A greedy player who sets his demand too high or a stingy club that makes an offer too low is likely to lose * * *. [See, Roger I. Abrams, Legal Bases: Baseball and the Law 87-88 (Temple Univ. Press 1998). The author explains that not only does this system encourage settlement between the parties, but it also has the effect of bringing the salary offers and the player's demand closer together, as both sides attempt to predict how the arbitrator will rule. See id. at 88.

Pennsylvania Environmental Defense Foundation v. Cannon-McMillan School District, 152 F.3d 228, 239 (3rd Cir. 1998)(Garth, J., dissenting)[emphasis in original].

The fact that the parties agreed, that the decision of the third (continued...)

Pacific Nat'l Ins. Co. v. Transport Ins. Co., 341 F.2d 514. 516 (8th Cir. 1965), cert. denied, 381 U.S. 912 (1964)("The parties * * * may not confer subject matter jurisdiction upon the federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court."). Whether the Court is empowered to alter the terms of the parties' agreed upon Appraisal Procedure is not an issue we need now reach, for our immediate obligation is to decide how this case should proceed so as to effectuate the command of Rule 1, Federal Rules of Civil Procedure.

---

[1](...continued)
appraiser would be "binding and conclusive on Lessor and Lessee," strongly suggests, if not confirms, that the parties were employing this approach as a means of arbitration. Conversely, the virtues of a simplified, inexpensive, and streamlined resolution of disputes, as contemplated by arbitration, is amply belied by the parties' approach before this Court.

The Plaintiff suggests that resort to a judicial construction of the valuation standard may be necessitated if the third appraiser is unable to divine the parties' intent, but it appears that the parties have vested the third appraiser with sufficient discretion to make an election between alternative valuations, which may be poles apart. Had the parties wished to mediate the differences in the two appraisals, that mechanism was provided by the portion of the Appraisal Procedure which authorized the two appraisers to "mutually agree upon the amount in question." In practical effect, it appears that the parties contractually agreed to an arbitration approach which, now, they regard as having gone awry because of their own divergent offers and demands, and they would hope to substitute the Court for the third appraiser.

In establishing pretrial deadlines, we allow for the possibility that either party may suggest that the terms of the Master Lease, for one reason or another, allow for the admission of parol evidence. By every appearance, however, resort to discovery, as to the Master Lease, would be fairly finite. Accordingly, we set discovery to expire on August 30, 2002. In order to allow discovery as to any expert opinion evidence, the parties are to simultaneously disclose their expert opinions, consistent with Rule 26(a)(2), Federal Rules of Civil Procedure, by no later than June 30, 2002, with any rebuttal disclosures to be disclosed by no later than July 30, 2002. Nondispositive Motions should be served and filed, and the Hearing thereon completed, by no later than September 30, 2002. All dispositive Motions shall be served and filed, in accordance with Local Rule 7.1(b)(2), and any Hearing thereon completed, by no later than October 30, 2002. The case shall be "Ready for Trial" on November 30, 2002, or thirty days after the Court should rule on any then-pending dispositive Motion.

Given the foregoing, we would encourage the parties to closely assess the burdens that they would impose upon the Court, particularly in the context of the ADR mechanism that they had agreed upon, as well as to candidly assess the Court's subject matter jurisdiction to continue to hear their respective claims.

NOW, THEREFORE, It is --

ORDERED:

1. That the period for discovery in this action shall conclude on **August 30, 2002.**

2. That the parties shall disclose their respective expert opinion evidence, consistent with their obligations under Rule 26(a)(2), Federal Rules of Civil Procedure, **by no later than June 30, 2002**; and that they shall disclose any rebuttal expert opinion evidence **by no later than July 30, 2002.**

3. That any nondispositive Motions shall be served and filed, and the Hearing thereon completed, **by no later than September 30, 2002.**

4. That, consistent with the Local Rules of this Court, all dispositive Motions shall be served and filed, and the Hearing thereon completed, **by no later than October 30, 2002.**

5. That this case shall be "Ready for Trial" on **November 30, 2002, or 30 days after** a ruling on any then-pending dispositive Motion.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE